# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA T., | ) | |
| | ) | |
| Plaintiff, | ) | No. 18 C 2564 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security, | ) ) ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Victoria T. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Social Security Administration's ("SSA's") decision denying her application for benefits. For the reasons set forth below, the Court reverses the SSA's decision.

## Background

Plaintiff applied for benefits on September 22, 2014, alleging a disability onset date of May 4, 2013. (R. 92-94.) Her application was denied initially, on reconsideration, and after a hearing by an Administrative Law Judge ("ALJ") in a decision dated May 3, 2017. (R. 16-30, 92, 107.) The Appeals Council declined to review the decision (R. 1-3), leaving the ALJ's decision as the final decision of the SSA, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 416.920. The SSA must consider whether: (1) the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) the claimant has a severe impairment or combination of impairments; (3) the claimant's impairment meets or equals any listed impairment; (4) the claimant retains the residual functional capacity to perform her past relevant work; and (5) the claimant is able to perform any other work existing in significant numbers in the national economy. *Id.*; *see Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four. *Zurawski*, 245 F.3d at 886; 20 C.F.R. § 416.960(c)(2). If that burden is met, at step five, the burden shifts to the SSA to establish that the claimant can perform work existing in significant numbers in the national economy. 20 C.F.R. § 416.960(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since the application date. (R. 18.) At step two, the ALJ determined that plaintiff has the severe impairments of "degenerative disc disease, obesity, an affective disorder and an anxiety disorder." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. (*Id.*) At step four, the ALJ found that plaintiff is unable to perform any past relevant work but has the residual functional capacity ("RFC") to perform light work that "involves only simple, routine and repetitive tasks" and only occasional stooping, kneeling, crouching, crawling, and interaction with supervisors, coworkers, and the public. (R. 21, 28.) At step five, the ALJ found that a significant number of jobs exist in the national economy that plaintiff can perform, and thus she is not disabled. (R. 29.)

Plaintiff contends that the RFC determination is flawed in several ways. First, she argues that the limitation to work that "involves only simple, routine and repetitive tasks" does not adequately account for her impairment in concentration. (*See* R. 20 (ALJ finding that plaintiff has a "moderate limitation" in "concentrating, persisting, or maintaining pace").) The Court agrees. The Seventh Circuit has repeatedly held that "confining [a] claimant to simple, routine tasks . . . [does not] adequately capture[] temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858-59 (7th Cir. 2014). *See Moreno v. Berryhill*, 882 F.3d 722, 730 (7th Cir. 2018) (same); *Taylor v. Colvin*, 829 F.3d 799, 802 (7th Cir. 2016) (same); *Stewart v. Astrue*, 561 F.3d 679, 685 (7th Cir. 2009) (same).

Next, plaintiff argues that the ALJ should have included in the RFC a limitation recommended by an agency reviewer whose opinion the ALJ credited. In relevant part, the agency reviewer said that plaintiff's "[c]oncentration varies" but she "[c]an sustain tasks of 2-4 steps," an

opinion the ALJ said was "consistent with the record." (*See* R. 27, 104.) Perhaps the ALJ believed that limiting plaintiff to simple, routine and repetitive work encompassed the two-to-four step limitation. But "simple, routine, and repetitive" refers to "unskilled work," *Varga v. Colvin*, 794 F.3d 809, 814 (7th Cir. 2015), which is defined by the judgment required to perform it, not the number of steps it takes to accomplish. *See* 20 C.F.R. § 416.968(a) ("Unskilled work is work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."). Having credited Dr. Snyder's opinion, and only that opinion, with respect to plaintiff's mental impairments, the ALJ erred by failing to include the two-to-four step limitation in the RFC. *See* 20 C.F.R. 416.945(a)(1) ("We will assess your residual functional capacity based on all the relevant evidence in your case record.").[1]

Further, plaintiff asserts that the physical portion of the RFC—that plaintiff can perform light work, *i.e.*, work that involves lifting up to twenty pounds at a time or "requires a good deal of walking or standing," 20 C.F.R. § 416.967(b), and can occasionally stoop, kneel, crouch, and crawl (R. 21)—is untethered to the evidence. The Court agrees. The ALJ rejected the opinions of the state agency reviewers, the consultative examiner, and plaintiff's treating physician, Dr. Shah. (*See* R. 26.) Having done so, the ALJ was required to cite some other medical evidence to support the physical RFC. The ALJ failed to do so, opting instead to simply recite plaintiff's medical treatment history. (*See* R. 22-27.) The ALJ's failure to identify the evidence that supported the physical RFC was error.[2] *See* SSR 96-8p, at *7 (July 2, 1996) ("The RFC assessment must include

---

[1] Moreover, because the hypothetical the ALJ posed to the vocational expert did not include the two-to-four step limitation, it is not clear whether the jobs he said plaintiff can perform (mail clerk, storage facility rental clerk, and laundry worker) consist of only two to four steps. (*See* R. at 78-79.)

[2] Plaintiff says the ALJ compounded this error by failing to explain how plaintiff's obesity impacted her ability to perform work-related activities. However, it is plaintiff's burden "to articulate how her obesity limits her functioning and exacerbates her impairments," *Hisle v. Astrue*, 258 F. App'x 33, 37 (7th Cir. 2007), and plaintiff does not identify any evidence of exacerbation that the ALJ allegedly overlooked.

4

a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."); *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 352 (7th Cir. 2005) (ALJ's failure to explain how he arrived at the limitations in the RFC was "in itself . . . sufficient to warrant reversal of the . . . decision").[3]

## Conclusion

For the reasons set forth above, the Court denies the SSA's motion for summary judgment [25], reverses the SSA's decision, and remands this case for further proceedings consistent with this Memorandum Opinion and Order.[4]

**SO ORDERED.**                    ENTERED:  March 19, 2019

**M. David Weisman**
**United States Magistrate Judge**

---

[3] The Court rejects plaintiff's contention that the ALJ failed "to identify the evidentiary basis of her determination of [plaintiff's] limitations in social interaction" (Pl.'s Br., ECF 15 at 7) because the ALJ said she relied on plaintiff's subjective reports of anxiety. (*See* R. 27.)

[4] Because evaluation of plaintiff's subjective symptoms is bound up with the RFC determination, the former issue will have to be revisited on remand as well.